**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| AYODELE ADENIRAN, | : | **CIV. NO. 19-19991 (RMB)** |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN, FCI FORT DIX, | : | |
| | : | |
| | : | |
| Respondent | : | |

**BUMB**, United States District Judge

Petitioner Ayodele Adeniran is a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey. He brings this petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unconstitutionally detained. (Pet., ECF No. 1.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court will dismiss the § 2241 petition for lack of jurisdiction.

I.  THE PETITION

Petitioner alleges he was removed from an airplane at JFK airport in New York on October 24, 2016, and taken before a Magistrate Judge who placed him in permanent custody under the laws of the United States. (Pet., ECF No. 1.) Petitioner asserts he has not been accused of or convicted of a crime. (Pet., ECF No. 1 at 5.) According to the Bureau of Prison's Inmate Locator, Petitioner's release date is February 8, 2028. Available at https://www.bop.gov/inmateloc/. This suggests Petitioner is a convicted and sentenced prisoner.

II. DISCUSSION

Typically, challenges to a federal conviction and sentence must be brought under 28 U.S.C. § 2255 in the sentencing court, which apparently is the United States District Court, Southern District of New York, where United States Magistrate Judge Kevin N. Fox presides. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017). "[A] federal prisoner may resort to § 2241 only if he can establish that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." Id. (quoting 28 U.S.C. § 2255(e)). Thus, under very limited circumstances, a petitioner can invoke the savings clause of 28 U.S.C. § 2255(e) to bring a motion challenging his conviction and sentence in the district of confinement under § 2241. The Third

Circuit explained,

> [o]ur Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [*U.S. v.*] *Tyler*, 732 F.3d at 246 [3d Cir. 2013] (quoting [*In re*] *Dorsainvil*, 119 F.3d 245 [at 252] [3d Cir. 1997]. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.*

<u>Bruce v. Warden Lewisburg USP</u>, 868 F.3d 170, 180 (3d Cir. 2017).

Petitioner has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review. Petitioner has not satisfied the requirements necessary to challenge his conviction and sentence in a § 2241 petition through the savings clause of § 2255.

III. CONCLUSION

For the reasons discussed above, the Court dismisses the § 2241 petition for lack of jurisdiction.


Date:  February 13, 2020

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

3